# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT WESSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>FEDERAL BUREAU OF PRISONS, et.al.,<br><br>　　　　Respondents.　　　　　　／ | 1:08-cv-01520-OWW-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION<br><br>[Doc. 13] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner is currently in the custody of the Bureau of Prisons ("BOP") pursuant to a conviction and sentence in the United States District Court for the Eastern District of Washington, for a violation of 21 U.S.C. § 841, Distribution of a Controlled Substance. See Motion, Exhibit 1, docket #74, in 2:01-cr-06027-RHW-1. Petitioner was sentenced to 168 months imprisonment. Id. Petitioner was committed to the BOP as of March 26, 2003, and he has a projected release date of June 27, 2014, assuming he is entitled to a Good Conduct Time Release. See Motion, Exhibit 2, SENTRY Public Information Inmate Data.

Petitioner filed the instant petition for writ of habeas corpus on October 9, 2008, and contends that the BOP has failed to establish the necessary programming to achieve the goals for pre-release custody classification pursuant to the Second Chance Act of 2007.

1   On March 11, 2009, Respondent filed a motion to dismiss the petition. (Court Doc. 13.) Respondent argues that Petitioner's challenge is not cognizable via § 2241, and Petitioner failed to exhaust the available administrative remedies. Petitioner did not file an opposition.

## DISCUSSION

I.  Subject Matter Jurisdiction

Respondent initially argues that Petitioner is not entitled to relief under § 2241 because his challenge does not involve the fact or duration of his confinement.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

The instant petition for writ of habeas corpus seeks a "DECLARATORY JUDGMENT" to direct the BOP to make certain "incentives" and "Skills Development Programming" pursuant to the Second Chance Act of 2007 available to him and other inmates at the Atwater Penitentiary. The denial of access to programming does not impact the fact or duration of Petitioner's sentence, and does not give rise to a claim for which habeas relief can be granted. Accordingly, this Court does not have subject matter to review the instant challenge under section 2241, and the petition should be dismissed. Because the Court finds that Petitioner's challenge is not cognizable via § 2241, the Court need not and does not address Respondent's argument relating to exhaustion of the administrative remedies.

///

///

| | |
|---|---|
| 1 | <u>RECOMMENDATION</u> |
| 2 | Based on the foregoing, it is HEREBY RECOMMENDED that: |
| 3 | 1. Respondent's motion to dismiss the instant petition for writ of habeas corpus is |
| 4 | GRANTED; and, |
| 5 | 2. The Clerk of Court be directed to terminate this action in its entirety. |

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **May 20, 2009**          **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE